NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0668n.06

No. 08-3799

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
**Sep 30, 2009**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| THOMAS M. GAFFNEY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| JOHN E. POTTER, POSTMASTER GENERAL, | ) | THE NORTHERN DISTRICT OF |
| U.S. POSTAL SERVICE, | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

**Before: MARTIN, COLE, and KETHLEDGE, Circuit Judges.**

**KETHLEDGE, Circuit Judge.** Thomas Gaffney appeals the district court's grant of summary judgment in favor of the United States Postal Service (USPS) on Gaffney's claims of age and race discrimination. We affirm.

I.

USPS hired Gaffney as a mail carrier on a probationary basis on October 16, 2004. Gaffney is white, and was then 58 years old. USPS's agreement with the National Association of Letter Carriers gives it the right to "separate from its employ any probationary employee at any time" during the employee's 90-day probationary period.

On November 15, 2004, approximately 30 days into his employment, Gaffney was rated "unsatisfactory" for his work quantity, quality, dependability, and personal conduct. USPS gave

Gaffney additional training after the review, hoping to improve his performance. But USPS says, and Gaffney does not seriously dispute, that it did not improve; and on December 2, 2004, Gaffney was terminated for "failure to accomplish tasks in a timely manner." He had then worked at USPS for 47 days.

Anthony Gibson, who is African-American, overlapped with Gaffney at USPS. Gibson was 43 years old then. He too was hired as a mail carrier on a probationary basis, on October 30, 2004. Like Gaffney, Gibson received an evaluation after his first 30 days of employment, but Gibson was rated as unsatisfactory in only three areas rather than four. Like Gaffney, Gibson received some extra training; but his performance ratings likewise did not improve, and he too was terminated, on January 22, 2005, after having worked at USPS for 84 days.

Gaffney thereafter filed this lawsuit, alleging that he was fired due to race discrimination, in violation of Title VII, 42 U.S.C. § 2000e-16(a), and age discrimination, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a(a). USPS moved for summary judgment on both claims, which the district court granted. This appeal followed.

II.

We review *de novo* a district court's grant of summary judgment, viewing the evidence in the light most favorable to the nonmoving party. *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 584 (6th Cir. 2009). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

There are many problems with Gaffney's case, but we need focus on only one of them to dispose of his appeal. A common element of Gaffney's race- and age-discrimination claims is that a similarly-situated employee "was treated better" than he was. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992). The employee to whom Gaffney points is Gibson, an ironic choice given that he too was fired during his probationary period; but Gaffney complains that Gibson lasted 37 days longer than he did in the position. And that difference, Gaffney says, was on account of Gaffney's race and age.

The district court correctly held that these claims do not present a genuine issue of material fact. As a initial matter, Gaffney's assertion that the difference between his treatment and Gibson's was "significant" enough to power up the machinery of federal anti-discrimination law seems to us very dubious. *See Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1988). That one probationary employee lasted a few weeks longer than another, when both were eventually terminated, is not the stuff of a compelling discrimination claim. And that nearly *de minimis* difference does not support a claim at all, as a matter of law, when Gibson received somewhat better ratings than Gaffney did. The difference in ratings is roughly commensurate with the difference in treatment. Gibson therefore was not similarly situated to Gaffney for purposes of the latter's claims; and that means the claims fail.

The district court's judgment is affirmed.